

**Fox Rothschild** LLP
ATTORNEYS AT LAW

100 Park Avenue, Suite 1500
New York, NY 10017
Tel 212.878.7900  Fax 212.692.0940
www.foxrothschild.com

ROBERT W. RAY
Direct Dial: 212-878-7993
Email Address: RWRay@Foxrothschild.com

December 12, 2013

**VIA ECF**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *United States v. Any and All Funds on Deposit in Account Nos. 0139874788, et al.: 13 Civ. 7983 (KPF)*

Dear Judge Failla:

This firm represents Unicorn Tire Corporation ("Unicorn") and Efans Trading Corporation ("Efans") (collectively "Claimants") in the above-referenced *in rem* civil forfeiture proceeding commenced by the United States (the "Government"). We respectfully submit this letter pursuant to Section 4A of your Individual Rules of Practice to request a Pre-Motion Conference in connection with Claimants' anticipated motion to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

This is a civil forfeiture action arising under 19 U.S.C. § 1595a(d), a U.S. Customs forfeiture statute. Unicorn is an importer and wholesaler of Chinese manufactured automobile tires. Efans is an automobile broker and is not involved in the tire business in any way. The Government has seized two Unicorn bank accounts with a combined balance of approximately $3,016,614.52. The Government has also seized one Efans bank account with a balance of $489,316.00 plus 47 automobiles that Efans allegedly exported "contrary to law". The Government's central theory is that Efans illegally exported luxury automobiles from the United States to China and that Unicorn helped facilitate the illegal export by, inter alia, extending a revolving credit facility to Efans.

The export of luxury automobiles from the United States to China has become highly controversial and contentious. Luxury automobiles purchased in the United States can often be sold at a significant premium in China thus creating arbitrage opportunities. Some auto manufacturers and some automobile dealerships attempt to restrict the sale of for-export cars. They do so by occasionally including "no-

A Pennsylvania Limited Liability Partnership

| California | Colorado | Connecticut | Delaware | District of Columbia |
|---|---|---|---|---|
| Florida | Nevada | New Jersey | New York | Pennsylvania |



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Hon. Katherine Polk Failla, U.S.D.J.
December 12, 2013
Page 2


export" clauses in the automobile purchase and sale agreements. Independent auto dealers and brokers like Efans dispute the validity of these no-export policies and contend that they are an effort by manufacturers to divide markets, protect and maintain their foreign pricing strategies and block legitimate international trade.

The Government's theory of forfeiture and its rationale for taking action against movant's property is novel, problematic and completely un-tested.  There are no criminal charges pending against Unicorn or Efans and only a handful of similar forfeiture actions have been filed throughout the country, none of which has yet been fully litigated. This case – and the Motion to Dismiss filed by Movants – will therefore raise important issues of first impression.

Claimants will seek dismissal of the Complaint on various grounds.

First, Claimants will seek dismissal of the civil forfeiture claims to the extent that they emanate from 19 U.S.C. § 1595a(d), a Customs-based forfeiture statute.  To forfeit property under §1595a(d), the Government must show that the property was exported "illegally, unlawfully, or in a manner conflicting with established law." *See United States v. Davis*, 648 F.3d 84, 89-90 (2d Cir. 2011).  Claimants will argue that the export of luxury automobiles from the United States to China is not illegal and has been expressly permitted in letter rulings issued by U.S. Customs and Border Protection.  Furthermore, an export contrary to a private no-export clause is not an export that is "contrary to law" within the meaning of the statute.

Second, Claimants will seek dismissal of the Complaint for failure to comply with the stringent pleading requirements applicable to civil forfeiture actions.  Throughout the Complaint, the Government attributes allegedly illicit conduct to Unicorn and Efans without pleading corroborating facts.  Assertions like the ones made in ¶¶ 34 and 37-38 of the Complaint – namely that Efans "caused" someone to file false export documents or "caused" someone to make false statements to insurance companies are legally insufficient to state a plausible claim.

Third, Unicorn will seek dismissal of the forfeiture claims directed at its two bank accounts. The first bank account (Regions Bank) was seized based upon allegations of inter-company transactions between Unicorn and Efans.  The second bank account (Renasant Bank) was seized based upon allegations of Unicorn-to-Unicorn transactions.  Unicorn will argue that the entire contents of two bank accounts cannot be forfeited absent a particularized showing of truly illicit activity. *See, e.g., Marine Midland Bank, N.A. v. United States*, 11 F.3d 1119 (2d Cir. 1993) (rejecting forfeiture of an entire bank account on an attenuated "contagion" theory).

Fourth, Efans will seek dismissal of all forfeiture claims directed at the TWENTY-SEVEN VEHICLES. According to the Complaint, the vehicles are "at sea".  Therefore, they are not within the actual and/or constructive control of the United States and thus, *in rem* subject matter jurisdiction is lacking. *See United States v. All Funds Distributed to Weiss*, 345 F.3d 49 (2d Cir. 2003).

23458172v1 12/12/2013



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Hon. Katherine Polk Failla, U.S.D.J.
December 12, 2013
Page 3


<u>Fifth</u>, Efans will dispute the legality and/or enforceability of no-export clauses and substantively challenge the Government's assertion that the purchase of vehicles subject to a private no-export policy via indirect purchasers can give rise to criminal culpability.

<u>Sixth</u>, Claimants' will seek other relief including, without limitation, a Constitutionally-mandated probable cause hearing and an order unsealing the underlying affidavit of probable cause.

As indicated, the issues that Claimants anticipate raising will be fairly involved and the foregoing is intended as a general summary of the core arguments.  They are offered without waiver of certain additional arguments that will be included in the ultimate filing.  Furthermore, given the complexity and the fact that this Court may be presented with issues of first impression, Claimants request leave to exceed the page number limit and permission to file a brief not to exceed 50 pages.

Claimants respectfully request a conference with the Court at the earliest available date for the purpose of setting a briefing schedule.

Respectfully submitted,

Robert W. Ray

RWR:EG


cc:     Sarah E. Paul, A.U.S.A. (*via e-mail*)

23458172v1 12/12/2013